Filed 6/24/22  P. v. Fridley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY EUGENE FRIDLEY,<br><br>    Defendant and Appellant. | C095304<br><br>(Super. Ct. Nos. CRF200101502, CRF2100975) |

Defendant Jeffrey Eugene Fridley entered a plea agreement to resolve two felony cases filed against him.  Pursuant to that agreement, defendant pled guilty in one case to receiving stolen property and admitted to having been convicted of a strike offense.  In the other case, defendant pled guilty to assault by means of force likely to cause great bodily injury.

At sentencing, the trial court imposed the upper term of three years, doubled to six years pursuant to the three strikes law, for defendant's receiving stolen property conviction.  For the assault conviction, the trial court imposed a consecutive one-year

1

term.  When choosing the upper term for the receiving stolen property conviction, the trial court, relying on the probation report, considered a number of aggravating factors, including:  (1) defendant's six prior felony convictions and three prior prison terms; (2) defendant's unsatisfactory performance on probation, mandatory supervision, and parole; and (3) the circumstances of the current case, during which defendant was "driving a stolen vehicle[,] . . . gave his brother's name [to the police officer] knowing he had warrants[,] . . . claimed [the stolen vehicle] was his girlfriend's truck, and then claimed he bought it for $200 and did not know it was stolen."  As a mitigating factor, the trial court considered defendant's willingness to "resolve th[e] matter at an early stage in the proceedings."  The trial court found "[t]he aggravating factors in number and seriousness [to] outweigh [the] mitigating factors," and that defendant "certainly [wa]s not a low-term candidate."

Defendant appeals arguing "the matter must be remanded for resentencing pursuant to amended Penal Code[1] section 1170 because imposition of the upper term for [the receiving stolen property conviction] does not satisfy the criteria mandated by Senate Bill No. 567 [(2021-2022 Reg. Sess.)]."  (Bolding and capitalization omitted.)  We disagree and affirm.

DISCUSSION

The parties agree Senate Bill No. 567 applies retroactively to defendant because defendant's judgment was not final on January 1, 2022, when Senate Bill No. 567 became effective.  (See § 1170, subd. (b), as amended by Stats. 2021, ch. 731, § 1.3.) Defendant contends the matter must be remanded for resentencing because the aggravating circumstances relied on by the trial court when imposing the upper term were not stipulated to by defendant, found true by a jury beyond a reasonable doubt, or

---

[1]     Undesignated section references are to the Penal Code.

2

contained in a certified record of conviction. We agree Senate Bill No. 567 applies retroactively but find remand unnecessary.

## I

### *Senate Bill No. 567 Applies Retroactively*

Senate Bill No. 567 amended section 1170, subdivision (b), to provide that the trial court may impose the upper term only if the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Under amended section 1170, subdivision (b)(3), a trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." This change aims to protect a defendant's right to a jury trial by ensuring the trial court does not impose an upper term "without granting defendants the opportunity to have a jury review and determine the truthfulness of alleged aggravating facts." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) as amended Sept. 3, 2021, p. 4.)

According to the principle established in *In re Estrada* (1965) 63 Cal.2d 740, an ameliorative change in law applies retroactively to nonfinal judgments in the absence of an express statement to the contrary by the Legislature. (*People v. Francis* (1969) 71 Cal.2d 66, 75-76.) A judgment becomes final when it has reached final disposition in the highest court authorized to review it. (*People v. Rossi* (1976) 18 Cal.3d 295, 304.) Here, defendant's judgment is not yet final, nor did the Legislature expressly prohibit the retroactive application of the bill. Thus, Senate Bill No. 567 applies retroactively to defendant's case.

3

II

*Remand Is Unnecessary*

The People contend the trial court's sentencing decisions complied with Senate Bill No. 567 because one of the aggravating circumstances relied upon by the trial court was proven by certified records and a trial court is permitted to base an upper term on a single aggravating circumstance. In the alternative, the People contend any error in failing to apply Senate Bill No. 567 was harmless because, upon remand, the aggravating factors will clearly be found true beyond a reasonable doubt. We agree.

When speaking of the trial court's discretion to impose the upper term, section 1170, subdivision (b)(1) through (3), as amended by Senate Bill No. 567, provides the court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term . . . ."[2] By its plain meaning, the provision does not provide for a presumption that a trial court must exercise its discretion in a certain way. Instead, the Legislature created a rule *limiting* a trial court's discretion to impose the upper term in cases where no aggravating factor has been proven beyond a reasonable doubt or otherwise stipulated to by the defendant.

---

[2] Section 1170, subdivision (b)(1) through (3) provides: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . . [¶] (3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions."

4

Given that subdivision (b)(1) through (3) of section 1170 is silent regarding the court's discretion, the newly enacted provision leaves unchanged a trial court's discretion to impose the upper term of imprisonment based on a single aggravating factor (see *People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182; *People v. Osband* (1996) 13 Cal.4th 622, 728 ["[o]nly a single aggravating factor is required to impose the upper term"]) and the sentence it believes to be appropriate to the case and the defendant being sentenced before it (see *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614 ["A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria"]).

Here, the trial court cited as a circumstance in aggravation that defendant had a prior conviction. Defendant admitted to this conviction, and thus the trial court properly relied on that conviction and exercised its discretion under newly enacted section 1170, by imposing the upper term of imprisonment on defendant's receiving stolen property conviction. (See *People v. Garcia* (2001) 25 Cal.4th 744, 757 [the three strikes law is not an enhancement under § 1170, subd. (b), it is a separate sentencing scheme that applies automatically where a defendant has at least one prior serious felony conviction and the trial court does not strike it].)

In any event, because the error is purely one of state law, the harmless error test in *People v. Watson* (1956) 46 Cal.2d 818, 836 applies. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) Thus, if a reviewing court concludes it is reasonably probable, beyond a reasonable doubt, that a jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true the aggravating circumstances relied on by the trial court, the error is harmless. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 839 [when the error is of federal magnitude, the error is harmless if a reviewing court

5

concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury].)

Here, the trial court believed defendant's case was not a low-term case. It decided to impose a sentence exceeding the low term based on several circumstances, including the manner by which defendant committed the offense. Given the subjective nature of this specific aggravating circumstance, we cannot say a jury would have found that circumstance true beyond a reasonable doubt. (See *People v. Sandoval*, *supra*, 41 Cal.4th at pp. 839-840 ["to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court"].)

Under newly enacted section 1170, subdivision (b)(1) through (3), however, the trial court is still permitted to rely on unproven circumstances when deciding to elevate a defendant's sentence above the lower term. It is just those circumstances the court relies on to "justify the imposition of a term of imprisonment exceeding the middle term" that must be proven or otherwise stipulated. (§ 1170, subd. (b)(1)-(3).) For this reason, we disagree with the holding of *People v. Lopez* (2022) 78 Cal.App.5th 459, 465-466, requiring a reviewing court to "conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *every factor on which the court relied . . . .*"

The trial court's sentencing decision focused predominantly on defendant's numerous prior convictions and prior prison terms, as well as his unsatisfactory performance on probation, mandatory supervision, and parole. The fact of defendant's prior convictions, prior prison terms, and prior unsatisfactory performance on postconviction release were readily discernable from the probation report. While the probation report is not a certified record, the information contained in it was presented to the trial court and defendant for the purposes of the trial court's sentencing decisions.

6

Defendant had every opportunity and incentive to object to the trial court's reliance on those facts had the facts been incorrectly portrayed in the probation report. Defendant's lack of objection demonstrates his prior convictions, prison terms, and unsatisfactory performance during postconviction release is readily ascertainable from certified records and would be found true beyond a reasonable doubt by a trial court or jury. Given the true findings that will undoubtedly be found upon remand, it is clear the trial court will impose the same sentence utilizing the same justification it already did. For these reasons, remand is unnecessary.

DISPOSITION

The judgment is affirmed.


/s/_____
Robie Acting P. J.



I concur:



/s/_____
Earl, J.

7

DUARTE, J., dissenting.

I disagree with the majority's finding of harmless error and would remand for resentencing under the current version of Penal Code section 1170.[1]  Accordingly, I must dissent.

Defendant was sentenced to the upper term for his crime of receiving stolen property without the benefit of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which amended section 1170, subdivision (b) and provides that a trial court may impose an upper term sentence only where there are aggravating circumstances justifying the imposition of a term exceeding the middle term, and the defendant has either stipulated to the facts underlying those circumstances or those facts have been found true beyond a reasonable doubt.  (§ 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1, eff. Jan. 1, 2022.)

At sentencing, defendant asked for probation or, in the alternative, a middle term sentence.  The People argued for the upper term in accordance with the probation report's recommendation.  When the trial court specifically asked the prosecutor for a position on defendant's request for the middle term, the prosecutor responded that "the circumstances in aggravation far outweigh any in mitigation" and that the probation report contained a "well-reasoned argument" for the upper term.  The trial court went over the report in detail and sentenced in conformity with the report's recommendation.

As relevant to my disagreement, the majority first notes that the amendments to section 1170 "leave[] unchanged a trial court's discretion to impose the upper term of imprisonment based on a single aggravating factor."  (Maj. opn., *ante*, at p. 5.)  I do not disagree with that statement, but that is not what happened here.  Instead, the trial court

---

[1]  Undesignated statutory references are to the Penal Code.

1

articulated a large number of aggravating factors to support its decision, and the vast majority of these factors were supported only by the probation report's assertions. The majority notes that defendant admitted to his strike prior during his plea, and then cursorily concludes that because defendant admitted to the strike, which the trial court recited as one of many aggravating circumstances, "the trial court properly relied on that conviction and exercised its discretion newly enacted section 1170, by imposing the upper term of imprisonment on defendant's receiving stolen property conviction." (Maj. opn., *ante*, at p. 5.) But this does not address the effect of the multiple aggravating factors that were relied upon by the trial court, yet not proven as required.

As noted by the majority, the trial court relied entirely on the probation report in considering defendant's prior convictions (with the exception of the strike), defendant's unsatisfactory performance on prior grants of probation, supervised release, and parole (collectively, performance on release), and the circumstances of the present case (which had been resolved by plea with a limited factual basis proffered by the prosecutor and admitted by defendant), including facts from outside the articulated factual basis. There is no dispute but that the bulk of the information relied upon by the trial court was insufficient to satisfy section 1170, subdivision (b) as amended; the information was summarized in the probation report and was neither stipulated nor proven as required. Although I agree the law allows the trial court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury" (§ 1170, subd. (b)(3); as amended by Stats. 2021, ch. 731, § 1), here there was one strike admitted by defendant but no certified records presented to prove any of the prior convictions listed in the report.

Nor was there any evidence proving the aggravating factor of unsatisfactory performance on release. Subdivision (b)(3) of section 1170 specifies repeatedly that the only exception created is for prior convictions, and clearly does not codify the much broader exception allowing for judicial consideration of facts related to a defendant's

2

recidivism without violating the Sixth Amendment. (*People v. Towne* (2008) 44 Cal.4th 63, 79-85.) The majority lumps these factors together without differentiation, concluding that because the facts underlying the factors related to prior convictions and performance on release considered here are "readily available from official records" and "readily discernable from the probation report" and defendant did not object to their inclusion in the report, the factors "would be found true beyond a reasonable doubt." (Maj. opn., *ante*, at p. 7.)

The majority does not explain how it is permissible for us to presume the existence of extra-record evidence, whether that evidence be certified copies of convictions or proof beyond a reasonable doubt of unsatisfactory performance on release, and I do not see how we may properly do so. I do not agree that the trial court's reliance on recitations in a probation report in lieu of the proof that is now legally required should be excused based only on our assumption that all of the information on which the court admittedly relied would "undoubtably be found upon remand." (Maj. opn., *ante*, at p. 7.) This broad and speculative conclusion undermines the specific language of Senate Bill No. 567 and amended sections 1170 and 1170.1, and signals this type of noncompliance will always be harmless error.

Nor did defendant's failure to explicitly dispute the report's accuracy excuse the error. Defendant did not stipulate to the accuracy of the report or the information therein, and the requirement at issue--that the information in the report on which the trial court relied must be proven by certified record or, in the case of the unsatisfactory performance on release and circumstances of the underlying crime, beyond a reasonable doubt--did not exist at the time of his sentencing.

I also disagree with the majority that the error "is purely one of state law" (maj. opn., *ante*, at p. 5), requiring only application of the harmless error test articulated in

3

*People v. Watson* (1956) 46 Cal.2d 818 at page 836.[2]  The trial court found factors in addition to prior convictions that it relied on to increase defendant's sentence, including unsatisfactory performance on release and certain factual aspects of defendant's conduct that were not part of his plea.  This is potentially constitutional error.  (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)  Although the majority indicates without analysis that it disagrees with *Lopez*, it bases that disagreement on an apparent assumption that the trial court's passing mention of the lower term when imposing the sentence somehow changes the requirements for evidentiary support of factors considered to justify imposition of the upper term (see maj. opn., *ante*, at p. 6).  I do not understand that basis for disagreement.

In my view, where few if any of the various legal requirements for proof of aggravating factors were met, the trial court clearly considered sentencing to the middle term (and possibly even the lower term), and the court relied on multiple aggravating factors supported only by the probation report in reaching its conclusion not to do so, this is not a harmless error case.  Even assuming that, on this record, any Sixth Amendment error was harmless, I cannot find the state law error harmless as well.  (See *People v. Lopez, supra,* 78 Cal.App.5th at p. 467, fn. 11.)  This is because although defendant can be said to have stipulated to some aspects of the trial court's description of his offense as well as his prior prison term by virtue of his plea, it is not at all clear the trial court would

---

[2]  Indeed, the majority appears uncertain about applying only the *Watson* standard of harmless error; it describes a test where if "a reviewing court concludes it is reasonably probable, beyond a reasonable doubt, that a jury, applying a beyond-a-reasonable-doubt standard, unquestionably would have found true the aggravating circumstances relied on by the trial court" the error is harmless, and cites *People v. Sandoval* (2007) 41 Cal.4th 825, at page 839, which describes harmless error under the test set forth in see *Chapman v. California* (1967) 386 U.S. 18 [violations of the federal Constitution require reversal unless the error is harmless "beyond a reasonable doubt"].)  (Maj. opn., *ante*, at pp. 5-6.)

have found these circumstances alone sufficient to warrant imposition of the upper-term sentence. The trial court neither weighed its listed aggravating circumstances nor indicated whether its decision to impose the upper term was (or was not) a close call. It simply laid out the various factors in aggravation and mitigation and concluded: "The aggravating circumstances in number and seriousness outweigh mitigating factors. He certainly is not a low-term candidate. So the upper term is the appropriate term." Because, on this record, we cannot determine whether the trial court would have imposed the same sentence had it been left with only those aggravating circumstances arguably stipulated by defendant, remand is required. (See *People v. Avalos* (1984) 37 Cal.3d 216, 233 [reviewing court "must . . . reverse where it cannot determine whether the improper factor was determinative for the sentencing court"].)

For all of these reasons, I respectfully disagree with the majority's analysis and dissent from its refusal to remand.


/s/
Duarte, J.

5